McGREGOR W. SCOTT
United States Attorney
MIRIAM R. HINMAN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:17-CR-00232 JAM |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| OREL GOHAR, | DATE: March 3, 2020 |
| Defendant. | TIME: 9:15 a.m. |
| | COURT: Hon. John A. Mendez |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on March 3, 2020, and time was excluded through that date.

2. By this stipulation, defendant now moves to continue the status conference until April 21, 2020 at 9:15 a.m., and to exclude time between March 3, 2020, and April 21, 2020, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The defendant was initially arrested on December 8, 2017, pursuant to a complaint, and subsequently indicted on December 21, 2017.

    b) The defendant did not appear at a hearing on January 8, 2018. United States

Magistrate Judge Kendall J. Newman issued a warrant for the defendant's arrest.

  c)  A superseding indictment added additional charges against the defendant on September 13, 2018.

  d)  The defendant was arrested in Tel Aviv, Israel, and appeared in court for arraignment on the superseding indictment on January 10, 2020. A status conference was set for March 3, 2020, and time was excluded through that date.

  e)  On January 16, 2020, the government produced to defense counsel over 49,000 pages of discovery and 49 additional disks, consisting of discovery for both the original indictment and the superseding indictment.

  f)  Counsel for defendant desires additional time to review the voluminous discovery.

  g)  Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  h)  The government does not object to the continuance.

  i)  Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

  j)  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 3, 2020 to April 21, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: February 28, 2020   McGREGOR W. SCOTT
United States Attorney

/s/ MIRIAM R. HINMAN
MIRIAM R. HINMAN
Assistant United States Attorney

Dated: February 28, 2020   /s/ TODD LERAS
TODD LERAS
Counsel for Defendant
Orel Gohar

## FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED this 28th day of February, 2020.

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE