MCGREGOR W. SCOTT
United States Attorney
MIRIAM R. HINMAN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:17-CR-00232 JAM |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| OREL GOHAR, | DATE: June 23, 2020 |
| Defendant. | TIME: 9:15 a.m.<br>COURT: Hon. John A. Mendez |

This case is set for a status conference on June 23, 2020, based on the Court's minute order on March 25, 2020, which continued it from the previously set date of April 21, 2020. ECF No. 344. On March 17, 2020, this Court filed General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). As noted above, this Court has already designated a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a status conference on April 21, 2020, and time was excluded through that date.

2. By minute order, pursuant to General Orders 611 and 612, this Court continued the status conference date to June 23, 2020.

3. By this stipulation, defendant concurs in the continuance of the status conference to June 23, 2020 at 9:15 a.m., and moves to exclude time between April 21, 2020, and June 23, 2020, under Local Code T4.

4. The parties agree and stipulate, and request that the Court find the following:

   a) The defendant was initially arrested on December 8, 2017, pursuant to a complaint, and subsequently indicted on December 21, 2017.

   b) The defendant did not appear at a hearing on January 8, 2018. United States Magistrate Judge Kendall J. Newman issued a warrant for the defendant's arrest.

   c) A superseding indictment added additional charges against the defendant on September 13, 2018.

   d) The defendant was arrested in Tel Aviv, Israel, and appeared in court for arraignment on the superseding indictment on January 10, 2020.

   e) On January 16, 2020, the government produced to defense counsel over 49,000 pages of discovery and 49 additional disks, consisting of discovery for both the original indictment and the superseding indictment.

   f) Counsel for defendant desires additional time to review the voluminous discovery. Counsel has had less than three months to begin reviewing 49,000 pages and 49 additional disks. Independent of the COVID-19 pandemic, counsel would require at least three more months to review the discovery.

   g) Counsel for defendant believes that failure to grant the above-requested exclusion of time would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   h) The government does not object to the continuance or exclusion of time.

   i) In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because the pandemic is delaying counsel's ability to become familiar with the case and

his client.  Sacramento County has ordered individuals not to leave their residences except to perform essential activities.  For the health of the defendant, counsel, and the public, it is important to minimize personal contacts to the greatest extent possible.  Defense counsel has been representing the defendant for less than three months since the defendant's return to the United States after his arrest in Israel, and defense counsel wishes to conduct further in-person meetings with his client to discuss the case.

j) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

k) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 21, 2020, to June 23, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  March 30, 2020                                    MCGREGOR W. SCOTT
                                                          United States Attorney

                                                          /s/ MIRIAM R. HINMAN
                                                          MIRIAM R. HINMAN
                                                          Assistant United States Attorney

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4

Dated: March 31, 2020

/s/ TODD LERAS
TODD LERAS
Counsel for Defendant
Orel Gohar

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 31st day of March, 2020.

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE